IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **ANNE T.,**<br><br>                      **Plaintiff,**<br><br>   vs.<br><br>**KILOLO KIJAKAZI,**<br>**Acting Commissioner of Social Security,**<br>                      **Defendant.** | Case No. 2:22-cv-00049<br><br><br>**RULING & ORDER**<br><br><br>**Magistrate Judge Dustin B. Pead** |

### I.     INTRODUCTION

Plaintiff Anne T.[1] seeks judicial review of the decision of the Acting Commissioner of Social Security (Commissioner) denying her claim under the Social Security Act (Act) for disability insurance benefits under Title II and supplemental security income under Title XVI.[2] After careful review of the entire record along with the parties' briefs,[3] the Court finds the Commissioner's decision is legally sound and supported by substantial evidence.[4] Accordingly, for the reasons set forth herein, Plaintiff's Motion for Review of Agency Action is denied.[5]

---

[1] Based on privacy concerns regarding sensitive personal information, the court does not use Plaintiff's last name. Privacy concerns are inherent in many of the Federal Rules. *See* Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. 49.1.

[2] 42 U.S.C. § 405(g).

[3] ECF No. 17, Plaintiff's Motion for Review of Agency Action; ECF No. 18, Defendant's Memorandum in Opposition; ECF No. 19, Plaintiff's Reply to Motion for Review of Agency Action.

[4] ECF No. 14-3, Social Security Administration Decision.

[5] ECF No. 17, Plaintiff's Motion for Review of Agency Action.

## II. BACKGROUND

On October 19, 2018, Plaintiff filed a Tittle II application for disability insurance benefits[6] and on August 27, 2019, she filed a Title XVI application for supplemental security income.[7] In both applications Plaintiff alleges a disability onset date of December 11, 2017.[8] Plaintiff's claims were denied initially on January 31, 2019, and upon reconsideration on August 19, 2019.[9] Thereafter, Plaintiff pursued her claim to a April 16, 2021, hearing before Administrative Law Judge (ALJ) Preston Mitchell.[10] In a written decision issued on June 22, 2021, the ALJ applied the five-step sequential evaluation for determining disability and concluded that Plaintiff was not disabled under the Act.[11]

As set forth in his written decision, at step 2 of the sequential evaluation process, the ALJ found that Plaintiff had the severe medically determinable impairments of rheumatoid arthritis, Epstein-Barr Virus and mixed connective tissue disorder.[12] At step 3, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment[13] and concluded that Plaintiff had the residual functional capacity

---

[6] ECF No. 14-3; Administrative Transcript (Tr.) 12.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*, Tr. 21.

[11] *Id.*, Tr. 12-21.

[12] *Id.*, Tr. 15; 20 C.F.R. § 404.1520(c); 20 C.F.R. § 416.920(c). The ALJ determined that Plaintiff had the non-severe impairments of asthma, hypothyroid and obesity. *See* ECF No. 14-3, Tr. 15. All Code of Federal Regulations (C.F.R.) citations are to the 2021 edition.

[13] *Id.*; Tr. 17; 20 C.F.R. Part 404, Subpart P, Appendix 1.

(RFC) to perform sedentary work.[14] At step 4, the ALJ found that Plaintiff could perform the requirements of her past relevant work as a claims and accounting clerk[15] and that she was not disabled under the Act.[16]

Thereafter, the agency's Appeals Council denied Plaintiff's request for review,[17] making the ALJ's decision final for purposes of judicial review.[18] Plaintiff's September 1, 2021, appeal to this court followed.[19]

### III. STANDARD OF REVIEW

This court's review of the Commissioner's decision is limited to a determination of whether substantial evidence in the record, taken as a whole, supports the factual findings and whether the correct legal standards were applied.[20] A deficiency in either area is grounds for remand.[21]

Although the threshold for substantial evidence is "not high"; it is "more than a mere scintilla" of evidence, and "means---and means only---such relevant evidence as a reasonable

---

[14] 20 C.F.R. § 404.1567(a) (defining "sedentary work").

[15] *Id.*, Tr. 17-18; 20 C.F.R. § 404.1567(a); 20 C.F.R. § 416.967(a). Past relevant work is defined as work performed, either as Plaintiff performed it or as generally performed in the national economy, within the last 15 years or 15 years prior to the date that disability is established. *See* 20 C.F.R. § 404.1520(f).

[16] 20 C.F.R. § 404.1520(f); 20 C.F.R. § 416.920(f).

[17] ECF No. 14-3, Tr. 1-6.

[18] 20 C.F.R. § 404.981.

[19] ECF No. 4, Plaintiff's Complaint. This court has jurisdiction over Plaintiff's appeal of the Commissioner's final decision under 42 U.S.C. § 405(g).

[20] *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014).

[21] *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012).

mind might accept as adequate to support a conclusion."[22] In considering the administrative record, the court may neither "reweigh the evidence [n]or substitute [its] judgment for [that of] the [ALJ's]."[23] As a result, where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed.[24]

## IV. DISCUSSION

Residual functional capacity is "a multidimensional description of the work-related abilities a claimant retains despite [her] impairments."[25] When formulating a plaintiff's residual functional capacity, the ALJ considers all medical and other evidence of impairments.[26] The residual functional capacity assessment addresses an individual's ability to "do sustained work-related physical and mental activities in a work setting on a regular and continuing basis"[27] and encompasses the most, "not the least[,] an individual can do despite his or her limitations or restrictions."[28]

Here, "after careful consideration of the entire record"[29] the ALJ determined that Plaintiff has the residual functional capacity to:

---

[22] *Id.* at 1154 (internal quotation marks omitted).

[23] *Hendron*, 767 F.3d at 954 (citation omitted).

[24] *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

[25] *Pinto v. Kijakazi,* 2022 U.S. Dist. LEXIS 196123 at * 7 (D. N. M. Oct. 27, 2022); *see also* 20 C.F.R. § 416.945(a)(1).

[26] *Id.* at *16.

[27] SSR 96-8p (defining a regular and continuing basis as "8 hours a day, for 5 days a week, or an equivalent work schedule.").

[28] *Id.*, 1996 SSR LEXIS 5.

[29] ECF No. 14-3, Tr. 14.

> perform sedentary work as defined in 20 C.F.R. [§] 404.1567(a) and [20 C.F.R. §] except she may need a cane when walking twenty five yards or more. She can never claim ladders or scaffolds. She can perform all other postural activities occasionally. She can frequently reach, handle, finger, and feel.

On appeal, Plaintiff argues the decision fails to include specific findings, bolstered by substantial evidence, that support the ALJ's residual functional capacity assessment. Specifically, Plaintiff contends that, given the record, the ALJ improperly assessed a limitation to "frequent" as opposed to "occasional" handling, fingering and feeling. This error, Plaintiff asserts, is crucial to the analysis since the vocational expert testified that a similarly situated individual, limited by an "occasional" ability to handle and finger, would eliminate Plaintiff's ability to perform her past work, along with other sedentary jobs to which those skills would transfer, and result in a finding of disability under the Act.[30]

### **Does substantial evidence support the ALJ's assessment of Plaintiff's residual functional capacity?**

The residual functional capacity assessment addresses a Plaintiff's reported symptoms and Plaintiff bears the burden of showing that the limitations should be included in the residual functional capacity.[31] Since the purpose of the evaluation "is to help the ALJ assess a claimant's R[esidual] F[unctional] C[apacity], the ALJ's credibility[32] and R[esidual] F[unctional]

---

[30] ECF No. 17 at 9, Plaintiff's Motion for Administrative Review.

[31] 20 C.F.R. § 404.1529; SSR 16-3p (eliminated the term "credibility" from the agency's sub-regulatory policy); *Howard v. Barnhart,* 379 F.3d 945, 948-49 (10th Cir. 2004).

[32] SSR 16-3p eliminated the term "credibility" from the agency's sub-regulatory policy. *See* 2016 SSR LEXIS 4. The governing regulation however has not changed, and cases interpreting it remain relevant.

C[apacity] determinations are inherently intertwined."[33] There is no requirement of "a direct correspondence between [a residual functional capacity] finding and a specific medical opinion on the functional capacity in question."[34] Here, when formulating Plaintiff's residual functional capacity, the ALJ properly considered Plaintiff's symptoms and the extent to which those symptoms were consistent with the objective medical evidence, medical opinions and the prior administrative medical findings.[35]

First, the ALJ properly applied the two-step process to evaluate Plaintiff's symptoms.[36] In doing so, the ALJ considered Plaintiff's symptoms regarding her hand and finger related limitations and concluded that her complaints were "not entirely consistent"[37] with the objective medical evidence or the medical source statements regarding Plaintiff's work-related functioning. For example, Plaintiff testified that although the arthritic condition in her hands was

---

[33] *Poppa v. Astrue,* 569 F.3d 1167, 1171 (10th Cir. 2009).

[34] *Chapo v. Astrue,* 682 F.3d 1285, 1288 (10th Cir. 2012).

[35] ECF No. 14-3, Tr. 18 ("In making this finding, I have considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, . . . I also considered the medical opinion(s) and prior administrative medical findings(s). . . ."; *see also* 20 C.F.R. § 404.1529; 20 C.F.R. § 416.929; 20 C.F.R. § 404.1520(c); 20 C.F.R. § 416.920(c).

[36] Social Security Ruling (SSR) 16-3p, 2016 SSR LEXIS 4, at *5-10; *see also, Mckay v. Kijakazi,* 2022 U.S. Dist. LEXIS 178515 at *7-8 (D. N. Mex. Sept. 30, 2022) ("First, the ALJ determines whether the claimant has a medically determinable impairment that could reasonably be expected to produce the reported symptoms. Second , the ALJ evaluates the 'intensity and persistence' of the symptoms, such as pain, and determines the extent to which they symptoms limit the claimant's ability to perform work-related activities.") (internal citations omitted).

[37] ECF No. 14-3, Tr. 18.

6

limiting[38] she could: do dishes three days a week without problem but could not grip dishes on the other days,[39] sweep half a room before her hands stiffened,[40] drive for at least 40 minutes without any hand related problems,[41] lift a gallon of milk,[42] handle bills and coins[43] alleviate her arthritic symptoms with application of ice or heat or by taking Ibuprofen but that she did not like to take medication,[44] type for a half-hour after which she needed a break[45] and do activities without her finger joints swelling.[46] Yet, despite these self-reported activity based limitations, the ALJ noted that Plaintiff's medical examination findings showed Plaintiff with intact coordination, normal strength, tone and movement in her extremities.[47] Further, additional medical findings indicated that Plaintiff did not have synovitis, cyanosis, edema, varicosities, contractures, malalignment, tenderness, bony abnormalities or tremors.[48] As a result, the ALJ appropriately concluded that while Plaintiff's medically determinable impairments could be expected to cause her alleged symptoms, Plaintiff's statements concerning the intensity,

---

[38] Tr. 35.
[39] Tr. 39.
[40] Tr. 39.
[41] Tr. 40-41.
[42] Tr. 46-47.
[43] *Id*.
[44] Tr. 44-55.
[45] Tr. 55.
[46] Tr. 56.
[47] ECF No. 14-3; Tr. 19.
[48] *Id.* (citing, *e.g.,* Tr. 396, 398, 402, 409, 412, 605-06, 608-10, 621,-22, 625-26, 694-95, 698-99, 703, 706, 721, 726)).

7

persistence and limiting effects of her symptoms was not "entirely consistent with the medical evidence and other evidence in the record."[49]

Second, there are no medical source statements supporting Plaintiff's allegation that a limitation to frequent handling, fingering, and feeling was insufficient and the absence of opinion evidence or prior administrative medical findings is substantial evidence supporting the ALJ's residual functional capacity assessment.[50] Here, the prior medical findings by state agency medical consultants, Dr. Kathleen Tucker and Dr. Mila Bacalla, found that Plaintiff did not have a physical impairment that was both medically determinable and severe for at least twelve consecutive months.[51] Yet, similar to the ALJ"s findings, Dr. Tucker noted that Plaintiff had normal movement of her joints in all extremities and that her subjective complaints appeared inconsistent with the objective medical evidence.[52] Likewise, Dr. Bacalla concluded that

---

[49] ECF No. 14-3, Tr. 18. Additionally, the ALJ's review of Plaintiff's subjective complaints in conjunction with the type and effectiveness of her medication and Plaintiff's "endorse[ment of] some improvement" of her symptoms with non-prescription medication such as Ibuprofen also support the ALJ's residual functional capacity. 20 C.F.R. § 404.1529(c)(3)(iv)-(v) (in assessing subjective symptom complaints, ALJ considers type and effectiveness of medication and other measures taken to address symptoms); *Wilson v. Astrue,* 602 F.3d 1136, 1146 (10th Cir. 2010).

[50] 20 C.F.R. § 404.1529(c)(4) (ALJ considers conflicts between a claimant's statements and medical source statements); *Jones v. Colvin,* 610 F. App'x 755, 758 (10th Cir. 2015) (unpublished) ("lack of affirmative support in the medical record is a legitimate consideration" when assessing opinion evidence.). This is true even where the ALJ's finds the state agency consultants' prior administrative medical findings to be unpersuasive and tempers the findings to the Plaintiff's benefit. *See Chapo v. Astrue,* 682 F.3d 1285, 1288 (10th Cir. 2012).

[51] Tr. 68-69; Tr. 71; Tr. 80-82; Tr. 84-85. In reaching that conclusion, Dr. Kathleen found that Plaintiff Epstein Barr virus testing was "most compatible with previous but not current disease". Tr. 69.

[52] Tr. 69; Tr. 71.

Plaintiff's hand x-rays were unremarkable and examination findings showed normal reflexes and coordination.[53]

Finally, although Plaintiff relies on the cases of *Spicer v. Barnhart*[54] and *Rodriguez v. Colvin*[55] as reinforcement for her claim that the ALJ failed to properly support his residual functional capacity assessment, such argument is misplaced.[56] In this case, unlike the ALJ in both *Spicer* and *Rodriguez*, the ALJ specifically identified and explained how the objective medical evidence and Plaintiff's subjective symptom complaints supported the ALJ's residual functional capacity findings regarding handling, fingering and feeling.[57]

## V. CONCLUSION

For the reasons stated, Plaintiff has not met her burden and the Court rejects Plaintiff's claim that the ALJ's residual functional capacity assessment was deficient. Rather, the Court finds the ALJ's decision to be legally sound and supported by substantial evidence. Accordingly, the Commissioner's decision is affirmed and Plaintiff's Motion for Review of Administrative Action is denied.[58]

---

[53] Tr. 80-81.

[54] 64 F. App'x 173, 177 (10th Cir. 2003) (unpublished) ("the ALJ's failure to even mention plaintiff's osteoarthritis leads us to doubt that he formed any conclusion at all regarding plaintiff's hands.").

[55] 2014 WL 12785148 at *6 (D.N.M Nov. 13, 2014) (unpublished) ("the record is bereft of medical evidence regarding Plaintiff's functional limitations in gross manipulation.")

[56] ECF No. 17, Plaintiff's Motion for Review of Administrative Action; ECF No. 19, Plaintiff's Reply Brief in Support of Motion for Review of Administrative Action.

[57] ECF No. 14-3.

[58] ECF No. 17.

9

Dated this 23rd day of December, 2022.

_____
DUSTIN B. PEAD
Chief United States Magistrate Judge